UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>PAMELA BONDI, in her official capacity as Attorney General, et. al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 26-cv-0399-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION AS MOOT**<br><br>**[ECF Nos. 1, 2, 5]** |

　　Pending before the Court is Petitioner Gurpreet Singh's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a citizen of India, asserts he entered the United States on October 17, 2022, without inspection.  ECF No. 1 ¶ 2; ECF No. 2-1 at 2.[1]  Although he does not state he was detained shortly following his entry into the United States, he asserts that he was released by Immigration and Customs Enforcement ("ICE") into the United States in October 2022.  ECF No. 1 ¶ 3.  Petitioner provides no specifics on the conditions of his release.  However, he contends he became gainfully employed and

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

complied with all the conditions of his release. ECF No. 2-1 at 2. On December 21, 2022, Petitioner submitted an application for asylum, withholding of removal, and protection under the Convention against Torture. ECF No. 1 at 24-38. On December 27, 2025, he was arrested by ICE at a check-in appointment and detained at Imperial Regional Detention Facility. *Id*. ¶ 5; ECF No. 2-1 at 2.

On January 22, 2026, Petitioner filed the instant petition and a motion for a temporary restraining order. ECF Nos. 1, 2. Petitioner asserts his continued detention without a bond hearing violates immigration laws and his Fifth Amendment due process rights. He seeks immediate release under the same conditions to which he was subject prior to his current detention, as well as an order preventing Respondents from re-detaining him without proving that he is a flight risk or a danger to the community at a bond hearing before a neutral decisionmaker. ECF No. 1 at 15.

This Court set a briefing schedule and issued a limited stay on January 23, 2026. ECF No. 3. On January 29, 2026, Petitioner filed an emergency motion for a preliminary injunction seeking an immediate release based upon Respondents' action of transferring him to the Port Isabel Detention Center in Texas despite this Court's order preventing Petitioner's transfer outside this District. ECF No. 5. Respondents filed a document entitled "Notice Regarding Petitioner's Transfer," in which they explain Petitioner was transferred to Port Isabel, Texas on January 22, 2026, but once notified of this Court's January 23, 2026 order, ICE confirmed Petitioner was scheduled to be returned to this District no later than January 31, 2026. ECF No. 6 at 2. Pursuant to this Court's order, Respondent confirmed Petitioner is currently located at the Imperial Regional Detention Facility. ECF No. 9.

Respondents filed a response to the petition on January 30, 2026. ECF No. 7. Respondents note that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), and the court entered final judgment as to the Bond Eligible Class on December 18, 2025. *See Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-

BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 4 at 2.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without providing Petitioner notice and a pre-detention hearing before an immigration judge. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. Petitioner's motion for a temporary restraining order and emergency motion for a preliminary injunction are DENIED as moot. The Clerk of Court shall close this matter.

IT IS SO ORDERED.

Dated: February 4, 2026

Honorable Benjamin J. Cheeks
United States District Judge